In re KATSUJIRO AKIYAMA et ux.
No. 10431–M.

District Court, S. D. California, Central Division.

April 12, 1932.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for petitioner.

Samuel W. McNabb, U. S. Atty., and Gwyn S. Redwine, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

Harry B. Blee, of Los Angeles, Cal., of the Immigration Service.

COSGRAVE, District Judge.

Habeas corpus to Walter E. Carr, District Director Immigration Service, District No. 1, Department of Labor, in Los Angeles, in behalf of Katsujiro Akiyama and Shizuko Akiyama.

Petitioners are husband and wife and natives of Japan. The husband, Katsujiro Akiyama, first came to the United States in 1918 and remained here until 1926. He then returned to Japan on a visit, married petitioner, Shizuko Akiyama, and both then secured from the American Consul at Yokohama visas showing them to be trade treaty aliens under the provisions of section 3 of the Immigration Act of 1924 (8 USCA § 203). They then sailed for San Francisco, arriving on June 18, 1926, and were admitted as trade treaty aliens.

In 1930 they applied to the Commissioner General of Immigration at Washington, D. C., for re-entry permits provided in section 10 (a) of the 1924 Act (8 USCA § 210 (a).

The Commissioner General, finding that they had been legally admitted to the United States, and that their application had been made in good faith, with the approval of the Secretary of Labor, issued to them a permit to re-enter, authorized by subdivision b of the section referred to. They visited Japan, and at the conclusion of the visit returned, arriving at San Pedro, Cal., on March 28, 1931, where they were held for the board of special inquiry to determine their status. At this hearing, in addition to the facts above recited, it substantially appeared that Katsujiro Akiyama, the husband, had resided in the United States on June 18, 1926, as a merchant, he continued in that occupation until August, 1930, when he sold his merchandise store, and with his wife returned to Japan on a visit as above described; that he owned a few shares of stock in, and was a director of, a Japanese mercantile corporation, and had an arrangement with that corporation for employment by it in the mercantile business upon his return from Japan. Nothing developed to show any change of occupation or anything to question the good faith of the petitioner.

The board of special inquiry denied the admission, (1) as alien immigrants not having in their possession unexpired immigration visas as required by the Immigration Act approved May 26, 1924, and (2) as aliens of a race ineligible to citizenship and not exempt from the operation of said act by section 13 (c) thereof (8 USCA § 213 (c).

An appeal was taken to the Secretary of Labor, who sustained the decision of the board of special inquiry and ordered deportation. The legality of this order is brought into review by the habeas corpus proceedings, and, if the order of deportation under the facts is not warranted by the immigration laws, the writ must be granted; otherwise it must be dismissed. Since, if the husband is entitled to re-enter as a trade treaty alien, the wife possesses the same right (Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985), the case need only be examined relative to the rights of the husband.

The law covering the case seems to be clear. Petitioner is not an immigrant. He is excluded from that class by the language of section 3 of the Immigration Act of 1924 (8 USCA § 203), being an alien entitled to enter solely to carry on trade under the existing treaty. He had a right of entry in 1926, being actually engaged in the business of merchant, and was so admitted, and, according to the undisputed evidence, continued in that occupation at least until his temporary departure in the summer of 1930. He was entitled to a re-entry permit under the provisions of 10 (a) of the Immigration Act of 1924 (8 USCA § 210 (a), and received such permit. The fact that petitioner disposed of this mercantile business and left the country

temporarily did not immediately divest him of the character of merchant.

His entry is not prohibited under the immigration laws. "No alien ineligible to citizenship shall be admitted * * * unless such alien * * * (3) is not an immigrant as defined in section 203 of this title." Immigration Act of 1924, § 13 (8 USCA § 213 (c).

On the contrary, his admission is permitted. "The admission to the United States of an alien excepted from the class of immigrants by clause * * * (6) of section 203 * * * shall be for such time as may be by regulations prescribed * * * to insure that, at the expiration of such time or upon failure to maintain the status under which admitted, he will depart from the United States." Immigration Act of 1924, § 15 (8 USCA § 215).

It appears, therefore, that petitioner is not an immigrant; that his entry into the United States as trade treaty alien is expressly permitted by the immigration laws. His right to remain here depends upon the continuation of his status as such. In the case of a temporary absence, he is entitled to a permit giving him the right to re-enter. All these conditions seem to exist in the present case.

The board of special inquiry, however, bases its decision on two grounds: First, that he has not an unexpired visa, as required by the 1924 Act; and second, that he is of a race ineligible to become a citizen, and is not exempted from the operation of section 13 (c), 8 USCA § 213 (c).

█ As shown above, such exemption exists if he possesses the character of a trade treaty alien. So far as the necessity for a visa is concerned, it is plain that, if the re-entry permit is valid, and if petitioner has the status of trade treaty alien, the visa is not required.

The whole question, therefore, depends upon whether or not petitioner possesses the character of trade treaty alien:

█ Petitioner, during his entire residence in the United States, engaged in no other occupation than merchandising. No conclusion can be reached from the facts shown other than that he desires and expects to continue in that occupation, not individually as the owner of a store, it is true, but as an employee of a corporation that admittedly possesses the status of merchant and can exist and act only through employees and officers. It cannot reasonably be claimed that, after pursuit of his occupation for years, because petitioner sold his store he thereby lost immediately his character as a merchant; there being no intimation whatever of his engaging in any other pursuit. Authority for this position is found in the opinion of Judge Wilbur in Shizuko Kumanomido v. Nagle, 40 F. (2d) 42, decided by the Circuit Court of Appeals of the Ninth Circuit, April 7, 1930. I think the finding that he does not possess the character of trade treaty alien is not sustained by the evidence. It is not unreasonable to believe that Congress had such a situation in view in the rather restrictive provision of section 15 of the act, which authorizes the exaction of a bond with sufficient surety to insure the departure of trade treaty aliens when they cease to maintain the status under which they were admitted. Immigration Act of 1924, § 15, 8 USCA § 215.

Respondent cites Ex parte Naoe Minamiji (C. C. A.) 46 F.(2d) 627, in support of its position that the mere holding of stock in a mercantile corporation is not sufficient to invest the holder with the character of a trade treaty alien, but, as I view that case, it supports the petitioner rather than respondent. In addition to the ownership of stock in a substantial amount, petitioner, in the case cited, was actually employed by the corporation as outside sales manager, and was engaged to return to that position. This court held that he was entitled to be classed as a trade treaty alien. The circumstances here seem to be rather more persuasive. Petitioner was at the time of his departure, and for years theretofore, a trade treaty alien, and, according to the uncontradicted evidence, was returning to follow that business precisely as in Ex parte Naoe Minamiji, supra. Ex parte Naoe Minamiji, supra, is authority in the present case.

It is claimed that petitioner was not entitled to a re-entry permit under subdivision b, paragraph 1, Rule 25 of the Rules of January 1, 1930, which restricts the issuance of re-entry permits to permanent residents in the United States; that, since a trade treaty alien cannot be admitted for permanent residence, the issuance of the re-entry permit was illegal. It will be noted that the act itself places no restriction on the character of the presence of the alien in the United States; its language being, "Any alien about to depart," etc. Immigration Act of 1924, § 10 (a), 8 USCA § 210 (a). The rules, however, add the qualification "previously lawfully admitted to the United States for permanent residence." The same qualification is added

in paragraph 2. Under the act itself, if the Commissioner General finds that the alien has been legally admitted to the United States, he must issue the permit. Under the rules, the alien's admission must have been "for permanent residence."

The Immigration Act of 1924 clothes the Commissioner General with power to prescribe "rules and regulations for the enforcement of the provisions of this subchapter." Immigration Act of 1924, § 24 (8 USCA § 222).

■ The rule above referred to, however, restricts the scope of the act and narrows its application. The right to re-entry permit is given by the act of Congress to any alien, and, the required conditions existing, the duty to issue the permit is mandatory upon the Commissioner General. He may not, by virtue of power given to make rules to enforce the provisions of the act, make a rule that materially changes its provisions. Such a rule is beyond the power of the Commissioner General under the Immigration Act.

The petitioners, being trade treaty aliens, returning from a temporary visit abroad, supplied with a re-entry permit, should be allowed to enter.

The writ of habeas corpus is therefore granted, and the petitioners discharged from the custody of the immigration inspector.